THE GENESEE RIVER NATIONAL BANK, Appellant *v.* MARGARET M. MEAD, Respondent.

*131-307*

The mere fact that an assignment of property by a debtor was voluntary and without consideration is not sufficient to require a finding that it was fraudulent against creditors.

(Argued March 27, 1883; decided April 17, 1883.)

THIS action was brought by plaintiff, as a judgment creditor of Jacob A. Mead, deceased, against defendant individually and as executrix of the will of the deceased, to require her to account as executrix for the proceeds of a policy of insurance upon the life of decedent, which the complaint alleged had been assigned by him to her without consideration and for the purpose of defrauding his creditors. The opinion of the court is given in full.

" The claim of the plaintiff to charge the proceeds of the $3,000 policy of insurance to the defendant on her accounting as executrix depended upon the question, whether the assignment of that policy, made to her by the testator, was made with intent to hinder, delay and defraud his creditors. The trial court found, as matter of fact, that the assignment was not made or received with such intent, but that, at the time and under the circumstances under which it was made, it was a just and proper settlement upon the defendant.

" There is no finding that the testator was at the time of the assignment insolvent, but on the contrary, the court expressly refused such a finding. Unless the insolvency of the testator, at the time of the assignment, was so clearly and conclusively proved that it was legal error to refuse the finding requested, the conclusion of the trial court as to the fact of fraudulent intent cannot be disturbed here. The mere fact that the assign-

ment was voluntary, and without consideration, was not sufficient to require the court to find that it was fraudulent against creditors. (2 R. S. 137, § 4.)

" There was no controlling evidence as to the pecuniary circumstances of the testator at the time the assignment was made. Even assuming that it was made in 1876, as claimed by the plaintiff, it was not shown by any direct proof that the testator then owed any debts, other than that claimed by the plaintiff, nor what was the amount of his property. The only evidence bearing upon these subjects was the account rendered by the executrix in this action, from which it appeared that she had received from the estate, up to the date of rendering her account, $628.79, and had paid out the sum of $1,241.86. This account shows that a considerable part of the payments was for lawyers' fees and expenses of the administration, and the only testimony as to indebtedness included therein is that of the defendant, who says that the amount consisted of the expenses of settling the estate, the funeral expenses, board and doctors' bills, and a few small debts left unpaid at the time of the testator's death. It appears that the defendant expended for a monument $398, of which she paid $50 out of her private purse, the remainder being, presumably, included in the account. What the small debts spoken of amounted to, or when they were incurred, does not appear. It is quite within the range of probability that they were for the expenses of the testator during his last illness, and that his means were exhausted during the same period, and after the assignment of the policy. The evidence was not sufficient to constrain the court to find that the testator was insolvent at the time of that assignment, or that it was made with intent to hinder, delay or defraud his creditors.

" On this ground the judgment should be affirmed, with costs."

*W. A. Sutherland* for appellant.

*John A. Van Derlip* for respondent.

RAPALLO, J., reads for affirmance.
All concur.
Judgment affirmed.