By the Court.
— O’Gorman, J.
— This action was brought by the plaintiff, a judgment and execution creditor of defendant, Peter Hefferan, to set aside a voluntary conveyance of real estate made by him to his wife, through their son as intermediary, and without any valuable consideration, on the ground that the same was made with intent to hinder delay and defraud creditors.
The action was tried at special term without a jury. Judgment was entered for the defendant, and from this judgment the plaintiff appeals.
It is the law that no conveyance shall be adjudged fraudulent as against creditors and purchasers, solely on the ground that it was not founded on a valuable consideration (Genesee, etc. Bank v. Mead, 92 N. Y. 637; 2 R. S. ch. 137, § 4). Fraudulent intent must be proved as matter of fact, either directly or by necessary inference, and at the trial of this case, no such proof was made.
The learned trial judge did not find any fact tending to-prove fraudulent intent, nor was he requested by the learned counsel for the plaintiff to do so ; and the judge did find, as a fact, that the conveyances were not made with fraudulent intent.
In some cases of this kind, it has been an important inquiry, whether the person making the conveyance as to which fraud was imputed, was, at the time the conveyance was made, without means sufficient to pay his debts (Cole v. Tyler, 65 N. Y. 73 ; Popfinger v. Yutte, 49 Super. Ct. 312; Dunlap v. Hawkins, 59 N. Y. 342; Fox v. Moyer, 54 Id. 125 ; Genesee, etc. Bank v. Mead, supra). *102 No evidence on this subject was produced in the case at bar, and the action appears to have been tried on the theory that, proof of the conveyances having been made without consideration, and while the indebtedness to plaintiff existed, was sufficient to entitle plaintiff to a judgment in his favor. The learned trial judge was right in holding otherwise.
A motion was made at special term for anew trial, on the ground of evidence, discovered since the trial, tending to show defendants’ fraudulent intent. From the denial of this motion an appeal is also taken.
In the case of Northampton Bank v. Kidder (50 Super. Ct. 246), the proper rule as to granting or denying a motion of this kind is clearly laid down.
The motion was addressed to the discretion of the court, and we see no reason to doubt but that in this case, that discretion was properly exercised.
The judgment is affirmed, with costs, and the motion for a new trial is denied, with $10 costs.
Sedgwick, Ch. J., concurred.